UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  DOUGLAS JOSEPH HEITMEIER, | CIVIL ACTION |
| DEBTOR-IN-POSSESSION | NO. 13-6787 |
| | SECTION "F" |

ORDER AND REASONS

Douglas Heitmeier filed in bankruptcy under Chapter 11 on May 13, 2013. Whitney Bank is a creditor, secured by two parcels of land located at 201 and 202 County Farm Road, Lumberton, Mississippi. On July 10, 2013, Whitney Bank filed a motion for relief from the automatic stay. On October 18, 2013, the bankruptcy court granted the motion, finding that Heitmeier has no equity in the properties and that they are not needed for an effective reorganization.

On November 1, 2013, Heitmeier filed a Notice of Appeal. He also filed a motion to stay order pending appeal in the bankruptcy court, which Whitney Bank opposed. At a hearing on the motion on November 22, 2013, the bankruptcy court denied relief, finding that a stay was not warranted because Heitmeier would not suffer irreparable harm, he would not be successful on appeal, it would not serve the public interest, and it would cause Whitney Bank prejudice. Heitmeier now moves this Court to stay the bankruptcy court's order granting Whitney Bank's motion for relief from the

-1-

automatic stay pending the outcome of the appeal.

I.

A stay pending appeal is an "extraordinary remedy." Belcher v. Birmingham Trust Nat'l Bank, 395 F.2d 685, 686 (5th Cir. 1968). A party seeking a stay pending appeal generally must establish four factors: (1) likelihood of success on the merits; (2) irreparable injury if the stay is not granted; (3) absence of substantial harm to the other parties from granting the stay; and (4) service to the public interest from granting the stay. Hunt v. Bankers Trust Co., 799 F.2d 1060, 1067 (5th Cir. 1986). Each part of the four-part test must be met; however if the appeal involves a "serious legal question" and "the balance of the equities weighs heavily in favor of granting the stay," then the appellant, here Heitmeier, need only present a substantial case on the merits rather than show a probability of success on the merits. Arnold v. Garlock, 278 F.3d 426, 438-39 (5th Cir. 2001). Notably, "[l]ikelihood of success remains a prerequisite in the usual case even if it is not an invariable requirement." Ruiz v. Estelle, 666 F.2d 854, 857 (5th Cir. 1982).

II.

Without expressing any view on the ultimate merits of the appeal, this Court finds that Heitmeier fails to establish the factors necessary to warrant a stay.

A. Likelihood of Success/Substantial Case on the Merits

Heitmeier urges this Court to apply the "substantial case on the merits" standard, arguing that this appeal involves serious issues of law and that the balance of the equities weighs heavily in favor of a stay. Regardless of which test applies, the Court finds that Heitmeier fails to meet either standard. Heitmeier merely lists the issues to be presented on appeal and summarily contends that they are serious, without providing any evidence or argument in support of that contention or showing any likelihood of success on the merits. The Court finds that Heitmeier fails to satisfy his burden with respect to the first factor.

B. Irreparable Injury

Heitmeier also fails to establish irreparable injury if the Court does not issue a stay. Although Heitmeier correctly asserts that, without a stay, Whitney Bank will be allowed to foreclose on the properties, one of which is his residence, he fails to mention that he would have to either sell or refinance the properties in order to support the reorganization plan anyway. Moreover, if Heitmeier is successful on appeal, he will be able to recover any funds from the foreclosure from Whitney for distribution to creditors. Heitmeier fails to persuade the Court that he will suffer irreparable injury.

C. Harm to Other Parties

Heitmeier argues that Whitney Bank will not be harmed by a

stay because the debt will still be owed and interest will continue to accrue, and Whitney can always foreclose on the property after the appeal. The Court is not persuaded. Granting a stay would substantially harm Whitney by delaying its ability to reduce the indebtedness. Allowing Heitmeier to continue to use the property without making payments works directly to Whitney Bank's detriment.

### D. Public Interest

The Court also finds that granting the stay would not serve the public interest. Whitney correctly asserts that allowing Heitmeier to live on and use 80 acres without paying his mortgage does not serve the public interest. Although Heitmeier contends that the public interest will be served because, if he is successful on appeal, his unsecured creditors will be paid the value of 202 County Farm Road minus the homestead exemption, Heitmeier neither explains nor offers any evidence to support this contention, and, regardless, the record establishes that any value would go toward payment of the secured creditors.

### III.

Finally, the Court notes that Heitmeier has not complied with Federal Bankruptcy Rule 8005, which provides that a party moving the district court to stay the bankruptcy court's order pending appeal "shall show why the relief . . . was not obtained from the bankruptcy judge." Heitmeier admits that the bankruptcy court denied his motion to stay pending appeal, but entirely fails to

show why.

Accordingly, the motion to stay is DENIED.

New Orleans, Louisiana, February 26, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

-5-