UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:   DOUGLAS JOSEPH HEITMEIER,                CIVIL ACTION

DEBTOR-IN-POSSESSION                              NO. 13-6787

                                                  SECTION "F"


ORDER AND REASONS

Before the Court are Douglas Heitmeier's appeal from the United States Bankruptcy Court's order lifting the automatic stay and Whitney Bank's motions to dismiss the appeal and to strike portions of Heitmeier's designation of items to be included on appeal. For the reasons that follow, Whitney Bank's motion to dismiss is DENIED, its motion to strike is DENIED, and the bankruptcy court's judgment is AFFIRMED.

Background

Douglas Heitmeier filed for bankruptcy under Chapter 11 on May 13, 2013. Whitney Bank is a creditor, secured by two parcels of land located at 201 and 202 County Farm Road, Lumberton, Mississippi. On July 10, 2013, Whitney Bank filed a motion for relief from the automatic stay. On October 18, 2013, the bankruptcy court granted the motion, finding that Heitmeier has no equity in the properties and that they are not needed for an effective reorganization.

Heitmeier now appeals to this Court. Whitney Bank moves to

dismiss the appeal and to strike certain portions of Heitmeier's designation of items to be included on appeal.

## I. Motion to Dismiss

Federal Rule of Bankruptcy Procedure 8006 provides that, if the appellant's designation of items to be included on appeal includes any proceedings before the bankruptcy court, the appellant must immediately order a transcript. Whitney Bank moves to dismiss the appeal based on Heitmeier's failure to timely order a transcript of the bankruptcy court's hearing on the motion to lift the automatic stay. Whitney Bank argues that without the transcript, this Court cannot properly consider the appeal. Although Heitmeier admits to causing delay, he did order the transcript and it is now in the record. Accordingly, Whitney Bank's motion is moot.

## II. Motion to Strike

Rule 8006 also provides that an appellant shall file with the clerk and serve on the appellee a designation of items to be included in the record on appeal. The designation of items "should contain all documents necessary to afford a full understanding of the case." In re Neshaminy Office Bldg. Assocs., 62 B.R. 798, 802 (Bankr. E.D. Penn. 1986). "In particular, the appellate record should contain all documents and evidence bearing on the proceedings below and considered by the Bankruptcy Judge in reaching his decision." Id. (internal quotation marks and citation

omitted). "Items not before the Bankruptcy Court and not considered by it in rendering its decision may not be included in the record." Id.

Whitney Bank contends that various items designated by Heitmeier to be included in the record on appeal should be excluded because they were not considered by the bankruptcy court. Whitney argues that these items were never entered into evidence. Heitmeier responds that all of the items at issue were part of the official bankruptcy court record. The Court is persuaded that the challenged items may properly be included in the record on appeal. The items were of record and available for consideration by the bankruptcy court when it rendered its decision. Despite Whitney Bank's contention to the contrary, there is no requirement that an item be formally entered into evidence for it to have been considered by the bankruptcy court. Id.

### III. The Appeal

#### A. Standard of Review

A district court functions as an appellate court when reviewing a bankruptcy court's decision. In re Matter of Webb, 954 F.2d 1102 (5th Cir. 1992). The standard of review depends on whether a finding of fact or conclusion of law is being reviewed. When findings of fact are reviewed, the clearly erroneous standard applies. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). However, if the findings of fact are premised on an

improper legal standard, then that standard is not protected by the clearly erroneous standard and it is reviewed de novo. <u>Matter of Missionary Baptist Foundation of America</u>, 818 F.2d 1135 (5th Cir. 1987).

### B.  Law and Analysis

Reviewing the bankruptcy court's findings of fact for clear error and its legal conclusions de novo, the Court upholds the bankruptcy court's ruling.

1.  The Extent of Whitney Bank's Security Interest

Heitmeier first contends that the bankruptcy court erred in determining the extent of Whitney Bank's security interest. The bankruptcy court determined that Heitmeier encumbered his properties at 201 and 202 County Farm Road with two deeds of trust, one dated 2006 and the other 2008. The bankruptcy court found that the 2006 deed encumbered 202 County Farm Road and that the 2008 deed encumbered both the 201 and 202 parcels. The bankruptcy judge reasoned that the 2006 deed explicitly references 202 County Farm Road as collateral both by street address and metes and bounds description, and that the 2008 Deed reasonably identifies both 201 and 202 County Farm Road as collateral because it contains the street address for 202 (but the metes and bounds description for 201).

Under Louisiana law, a promissory note does not have to include a description of the security collateralizing its

performance; instead, the security agreement or mortgage controls and identifies the debt it secures.  La. Civ. Code art. 3298.  A Mississippi deed of trust secures an underlying obligation by the grantor to the lender.[1]  59 C.J.S. Mortgages § 15.  Under Mississippi law, a deed of trust must contain a description sufficient to "reasonably identify" the collateral described. Miss. Code Ann. § 75-9-108.  A description reasonably identifies the collateral if it puts "a reasonably diligent person on notice that there may be a security interest in the collateral." O&G Leasing, LLC, 456 B.R. 652, 662 (Bankr. S.D. Miss. 2011).  The description need only "raise a red flag to third parties that more investigation may be necessary" in order to give rise to the security interest.  Id. at 664.

Heitmeier argues that none of the promissory notes evidencing his debt identify the 2006 deed of trust as collateral.  This argument misses the mark, however, because the bankruptcy court correctly concluded that the 2006 and 2008 deeds of trust--not the promissory notes--define the security interest.  Heitmeier also asserts that the 2008 deed does not properly identify 202 County Farm Road as collateral.  The Court disagrees.  The bankruptcy court properly found that the street address for 202 County Farm Road and the metes and bounds description of 201 were sufficient to

---

[1]  Various promissory notes executed by Heitmeier provide that Louisiana law applies, but the deeds of trust provide that Mississippi law applies.

"raise a red flag to third parties" that both of the properties could be subject to the security interest. Id.

    2. The Cross-Collateralization Clauses

Heitmeier next contends that the bankruptcy court erred in enforcing cross-collateralization clauses contained in the 2006 and 2008 deeds of trust. The bankruptcy court determined that the cross-collateralization clauses allow the deeds to encompass various debts not specifically identified. The bankruptcy court found that the deeds specifically identified all then-known obligations and that the cross-collateralization clauses encompassed any future obligations.

Under Mississippi law, a properly executed and unambiguous cross collateralization clause in a deed of trust is valid and enforceable according to its terms. Kelso v. McGowan, 604 So. 2d 726 (Miss. 1992). A cross collateralization clause may cover subsequent loans made to the grantor. Newton Cnty. Bank v. Jones, 299 So. 2d 215, 217 (Miss. 1974). "If the document is clear and unambiguous as to the collateral securing other debts, we have found intent to secure these debts." Merchants National Bank v. Stewart, 608 So. 2d 1120, 1126 (Miss. 1992).

Again, Heitmeier identifies no error in the bankruptcy court's determination. The cross collateralization clauses clearly and unambiguously provide that the deeds secure "all obligations, debts and liabilities . . . of Grantor to Lendor . . . whether now

existing or hereafter arising." The bankruptcy court correctly determined that the cross collateralization clauses are valid and enforceable and that the deeds secure all of the indebtedness.

> 3. Whether the Properties are Necessary for an Effective Reorganization

Heitmeier also contends that the bankruptcy court erred in determining that 201 and 202 County Farm Road are not necessary for an effective reorganization. The bankruptcy court granted Whitney Bank's motion to lift the automatic stay after it determined that Heitmeier failed to establish a reasonable probability of an effective reorganization and that the properties are necessary to the reorganizational effort.

A bankruptcy court may lift the automatic stay if the debtor does not have equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). The debtor bears the burden of proof on this showing, and in order to prove that the property is necessary to an effective reorganization, the debtor must show first that there will be an effective reorganization and then also that the property is necessary to accomplish the reorganization. <u>United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assoc., Ltd.</u>, 484 U.S. 365, 375-76 (1988). To show that there will be an effective reorganization, the debtor must demonstrate "a reasonable possibility of a successful reorganization within a reasonable time." <u>Id.</u> at 376.

Heitmeier does not contend that he has equity in the properties.  Nor does he contend that there is a reasonable possibility of a successful and timely reorganization.  Indeed, this case has just recently been converted from Chapter 11 to Chapter 7 at Heitmeier's request.[2] Nonetheless, Heitmeier insists that the bankruptcy court erred in lifting the automatic stay because it incorrectly found that 201 and 202 County Farm Road are residential and not income producing.  Heitmeier argues that his appraiser testified that the highest and best use of the properties is pastureland, and that he once owned cows and kept them on the properties.

Yet again Heitmeier shows no error in the bankruptcy court's findings.  Any opinion or speculation that the properties could theoretically produce income is plainly insufficient to satisfy Heitmeier's burden of proving that the properties are necessary to an effective reorganization.

Accordingly, Whitney Bank's motion to dismiss is DENIED as moot, its motion to strike is DENIED, and the judgment is AFFIRMED.

New Orleans, Louisiana, April 16, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] Although his position strains logic, Heitmeier maintains that the conversion does not moot this appeal.